**Saul A. FUTCH, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58775.**

Court of Criminal Appeals of Texas, En Banc.

May 26, 1982.

* *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Gerald K. Payte, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Robert A. Moen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W. C. DAVIS, Judge.

Futch was convicted of murder with malice. The court assessed punishment at life.

Appellant now contends the court erred in overruling appellant's motion for a jury hearing upon the issue of his competence to stand trial. We agree.

Futch apparently had a long history of psychosis, and had been declared insane on four separate occasions between March, 1970 and April, 1972, and hospitalized as dangerous to himself and to others.

The murder of Futch's mother, of which Futch now stands convicted, occurred on August 24, 1972. A murder complaint was sworn on August 24, 1972, and appellant was indicted on September 18, 1972. Counsel was appointed on September 28, 1972.

Appellant was held in custody, and on January 22, 1973, his counsel filed a motion for psychiatric examination; on February 16, 1973, a psychiatric examination was or-

dered. The record contains no indication of whether that examination was carried out.

On September 11, 1973, the court ordered a psychiatric examination by Dr. Exter Bell, to take place on September 13, 1973.[1]

On September 17, 1973, a jury hearing was held to try the issue of appellant's competency to stand trial. At that hearing, the report of Dr. Bell's examination was entered into evidence, and Dr. Bell testified orally as well.

Dr. Bell testified about Futch's history of commitments, and offered his opinion that Futch is a severely psychotic chronic schizophrenic whose seeming improvement under treatment is the result of the masking of his symptoms by large doses of medication; that Futch was psychotic at the time he committed the act in question and was incapable of distinguishing between right and wrong; that appellant was incompetent to stand trial; and that appellant remained dangerous and potentially violent and should be confined to the Rusk State Hospital.

Upon hearing the evidence, the jury found Futch incompetent to stand trial and that he required hospitalization for the protection of himself or others.

Futch was thereupon committed to Rusk State Hospital, where he was admitted on October 5, 1973. There the matter might stand to this day, except that in 1975, the Legislature enacted Art. 46.02, Vernon's Ann.C.C.P.

Section 5 of Article 46.02, Vernon's Ann. C.C.P., provided for commitment of those found incompetent to stand trial for a period not to exceed 12 months.[2]

On February 12, 1976, the Attorney General issued opinion H–779, which stated in summary that "the twelve month period provided for in Section 5 of Article 46.02, Texas Code of Criminal Procedure, began to run, as to all persons committed prior to the

---

1. Although no substitution of attorneys or order appointing a new attorney appears in the record, it appears that sometime between April 27, 1973 and July 19, 1973, Futch's representation was undertaken by Russell Stanley. Up to

that time, Howard Lake had represented appellant.

2. The period was increased to 18 months by Acts 1977, 65th Leg., p. 1458, Ch. 596, § 1.

effective date of the revised statute, on the date such persons were actually committed. A court is now prohibited by section 5(h) from temporarily recommitting any person, regardless of when such person was initially committed."

Miraculously, appellant was shortly afterwards deemed by the superintendent and the clinical director at Rusk to have recovered sufficiently to be mentally competent to stand trial, according to a letter from the superintendent to the judge who had presided over the competency hearing. The letter, dated March 11, 1976, made specific reference to Attorney General's Opinion H–779.

Subsection (f) of Section 5 of Article 46.-02, provides that:

"(f) The head of a facility to which a person has been committed pursuant to Subsection (a) of this section shall promptly notify the committing court: (1) when he is of the opinion that the defendant has attained competency to stand trial; or

(2) when he is of the opinion that there is no substantial probability that the defendant will attain the competency to stand trial in the foreseeable future; or

(3) when an 18-month commitment is due to expire, such notice to be given 14 days prior to such expiration."

Subsection (i) of that section provides in pertinent part:

"(i) When the head of a facility to which the defendant is committed discharges the defendant and the defendant is returned to court, a final report shall be filed with the court documenting the applicable reason therefore under Subsection (f) of this section, and the court shall furnish copies to the defense counsel and the prosecuting attorney.... When the report is filed with the court, the court is authorized to make a determination based solely on the report with regard to the defendant's competency to stand trial, unless the prosecuting attorney or the defense counsel objects in writing or in

open court to the findings of the report within 15 days from the time the report is served on the parties. In the event of objection, the issue shall be set for a hearing before the court or, on motion by the defendant, his counsel, the prosecuting attorney, or the court, the hearing shall be held before a jury. The hearing shall be held within 30 days following the date of objection unless continued for good cause."

The language of Art. 46.02, Sec. 5(i) indicates that, upon request, a jury hearing is mandatory.

On April 20, 1976, counsel was appointed for appellant. The record reflects that as of May 11, 1976, Gerald Payte, the fourth attorney to represent appellant and Futch's counsel in all subsequent proceedings herein, was representing Futch.

On January 17, 1977, appellant's counsel presented a motion to empanel a jury to decide the issue of appellant's competency to stand trial.

Although there is no record of a separate objection to the report of the superintendent of Rusk State Hospital that appellant was now (or rather had been 10 months before) competent to stand trial, the motion for jury hearing, combined with appellant's strenuous objection to the inclusion of the report at the bench hearing held to decide whether to convene a jury, certainly put the court upon notice that appellant objected to the report and to its conclusion.[3]

Under the mandatory language of Art. 46.02, Sec. 5, appellant's request for a jury hearing upon the issue of incompetency to stand trial should have been granted.

It is apparent that the trial court has confused the procedure under Art. 46.02, Sec. 5(i) upon the return of a defendant who, having been once found incompetent for trial, has been committed for the maximum allowable time and must be tried, set free, or civilly committed, with the procedure under Art. 46.02, Sec. 2(a) when a

---

**3.** We note also that the record does not show that appellant had been served with the report as provided by Sec. 5, and that counsel's testimony indicated that he had become aware of the report only a few days earlier.

defendant makes a plea of incompetence ab initio, where right to a jury hearing depends upon the court finding some evidence of incompetence.

But even under the standards used to determine competence ab initio, the court has erred.

At the bench hearing on competence held on January 17, 1977, the court considered the testimony of appellant's attorney, who asserted that appellant had been incapable of focusing his thoughts sufficiently to aid in his defense; but it is clear from the court's findings of fact and conclusions of law that this evidence was weighed by the court against the report of the Rusk supervisor and against the report of a clinical psychologist who had attempted to interview appellant on January 4, 1977, and who had reported that, because of Futch's lack of cooperation, the interview had been unsuccessful and no determination could be made regarding appellant's competency.

There is no indication that the court considered appellant's previous psychiatric history.

In *Sisco v. State*, 599 S.W.2d 607, 613 (Tex.Cr.App.1980), we held that:

"... [I]n determining after hearing held in advance of a trial on the merits whether 'there is evidence to support a finding of incompetency to stand trial,' the trial court is to assay just that evidence tending to show incompetency, putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency. Because the trial court did not apply the standard of our holding but, instead, based its determination on the competing medical report of competency, we must abate the appeal in order for the trial court to do so." (Footnote omitted)

The appropriate remedy for the error herein is to remand this issue to the trial court to determine whether, in the light of the passage of time, the issue of appellant's competency at the time of his trial in 1977 can now be decided. *Torres v. State*, 593 S.W.2d 717 (Tex.Cr.App.1980).

If the court so determines, it shall impanel a jury to hold such a hearing and shall take such further actions as are authorized by Article 46.02.

If the court finds that a nunc pro tunc determination of Futch's competency is not possible, it shall grant a new trial, and appellant shall remain in the custody of the Sheriff of Harris County to answer the indictment in this cause.

The appeal is abated. Appellant is remanded to the custody of the Sheriff of Harris County, and the cause is remanded for proceedings consistent with this opinion.