Kenneth Tom RICHARDSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0735–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 15, 1983.

Don T. Schwartz, Rosenberg, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

Appellant was convicted by a jury of murder and the jury assessed punishment of 25 years incarceration. He brings four grounds of error on appeal.

■ In his first ground of error, appellant asserts that the trial court erred in denying his motion for a competency hearing. Appellant filed his motion on the day of trial, but the trial court nevertheless agreed to hear evidence in support of the motion before the jury was empanelled. The trial court must conduct a pretrial hearing on the issue of the defendant's competence to stand trial if there is evidence to support a finding of incompetence. Tex. Code Crim.Pro.Ann. art. 46.02 § 2(a) (Vernon 1979). This evidence may come from any source, including the judge's own observations or a written motion filed by the defendant prior to the date of trial. See Welch v. Beto, 234 F.Supp. 484 (S.D.Tex. 1964), rev'd on other grounds, 355 F.2d 1016 (5th Cir.1966), cert. denied, 385 U.S. 839, 87 S.Ct. 88, 17 L.Ed.2d 72 (1966). The trial court heard evidence to determine if a separate hearing before a jury on the issue of competence was required, and determined that none was necessary.

In response to questions by his counsel, appellant testified that he was unable to reason, that he was unable to comprehend the consequences of trial, and that he was unable to consult with his attorney and discuss his defense. On cross-examination, appellant gave his name, age and address. He recalled the approximate date of the shooting, and he recognized the offense with which he was charged and described the victim. He recounted his educational background through the eleventh grade, and recalled that he had had poor grades. He recalled the name of the officer who examined him prior to his arrest and pointed him out. He identified several motions he had filed pro se with the help of another inmate, whom he identified. He recalled having consulted with his counsel and having talked to the prosecutor and detectives about an alleged accomplice. He also recalled having refused to talk to the detectives without his counsel being present. He described his family, and testified that he had never been placed in a mental hospital or state school for the mentally retarded.

Appellant's counsel testified that appellant was initially "fairly competent," but that counsel had begun to question appellant's competence during the preceding week. He cited inconsistencies in appellant's explanation of events, and an inability to exchange ideas and understand trial strategy. Defense counsel indicated a desire for a professional evaluation, admitting his lack of qualification to make psychiatric evaluations. He further testified that he had consulted with his client six to eight times.

■ Upon receiving evidence of incompetence before trial, the trial court is required to examine the evidence tending to show incompetence to determine if it amounts to more than a scintilla of evidence indicating incompetence to stand trial. Only the evidence supporting a finding of incompetence is to be considered, and the evidence opposing such a finding is not to be weighed against the supporting evidence. Any evidence of probative value supporting a finding of incompetence requires the trial court to submit the issue to a jury. *Sisco v. State,* 599 S.W.2d 607 (Tex.Cr.App.1980). *See Futch v. State,* 632 S.W.2d 743 (Tex.Cr. App.1982) (en banc).

Appellant's counsel filed a motion requesting psychiatric evaluation three days before the trial, and appellant's second ground of error addresses the trial court's refusal to order such testing. Appellant testified that he was unable to afford an evaluation by a private psychiatrist. Since there was no psychiatric testimony before the trial court, its decision to deny a jury hearing on appellant's competence to stand trial could only have been based on the testimony of appellant and his counsel. The question before this court is whether that testimony amounted to more than a scintilla of evidence that appellant was incompetent.

■ Appellant's answers to his counsel's questions are conclusory and self-serving, providing virtually no evidence of his state of mind. Although his counsel's testimony reveals possible problems with appellant's communication, memory, and veracity, there is no indication that appellant was unable to assist his counsel with his own defense. We hold that the testimony did not amount to more than a scintilla of evidence, and the trial court did not err in failing to submit the issue of appellant's competence to stand trial to a jury for separate determination. Appellant's first ground of error is overruled.

■ In his second ground of error, Appellant asserts that the trial court erred in denying his motion for psychiatric examination. The evidence presented in support of such a motion must raise a bona fide doubt in the mind of the trial court as to the defendant's competence to stand trial before a court ordered psychiatric examination is required. *Tyler v. Beto,* 391 F.2d 993 (5th Cir.1968); *Hill v. State,* 429 S.W.2d 481 (Tex.Cr.App.1968). We do not agree with appellant's contention that the evidence presented was sufficient to raise a bona fide. doubt in the mind of the trial court as to his competence. Appellant's second ground of error is overruled.

In his third ground of error, appellant asserts that the trial court erred in failing to charge the jury on the lesser included offense of involuntary manslaughter. Appellant objected to the lack of such a charge, and submitted a requested charge to the court.

■ Appellant testified that he did not aim the shotgun at the victim, that he did not know it was loaded, and that the gun accidentally discharged when another passenger in the car pulled on his shirt. The offense of involuntary manslaughter requires a finding of recklessness on the part of the accused. Recklessness is defined by the Tex.Penal Code Ann. art. 6.03(c) (Vernon 1981) as follows:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

A charge on the lesser included offense need not be given unless there is evidence which supports such a charge. *Smith v. State,* 411 S.W.2d 548 (Tex.Cr.App.1967). Appellant's explanation of his actions eliminates the necessity of an instruction on involuntary manslaughter, since his explanation is inconsistent with a reckless mental

state. *See Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr.App.1979). Appellant's third ground of error is overruled.

In his fourth ground of error, appellant asserts that the trial court erred in charging the jury in the disjunctive rather than the conjunctive. The indictment charges appellant with "intentionally and knowingly" causing the victim's death, but the court charged the jury to convict if it found appellant had "intentionally or knowingly" caused the victim's death.

When charging the jury on the circumstances under which it may convict the accused, the disjunctive form is proper. *Hill v. State,* 625 S.W.2d 803 (Tex.App.—Houston [14th Dist.] 1981), *aff'd,* 640 S.W.2d 879 (Tex.Cr.App.1982); *Watkins v. State,* 623 S.W.2d 954 (Tex.App.—Dallas 1981, no writ). Appellant's fourth ground of error is overruled.

The judgment of the trial court is affirmed.