Bobby Joe FOY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–86–037–CR.

Court of Appeals of Texas,
Waco.

March 5, 1987.

William E. Stallings, Waco, Walter M. Reaves, Jr., West, for appellant.

Vic Feazell, Crim. Dist. Atty., R.D. Rucker, Asst. Dist. Atty., Waco, for appellee.

OPINION

McDONALD, Justice.

This is an appeal by defendant Foy from conviction for felony driving while intoxicated for which he was assessed 5 years in the Texas Department of Corrections and fined $1,000.00.

Defendant was arrested in the early morning hours of July 14, 1985, when an officer of the Waco Police Department observed him driving without any headlights

down a dark street. The officer turned on his flashing lights, but Defendant ignored him, crossed a center median, entered the northbound traffic lane, passed the officer's car, and crossed the center median again. Defendant slowed his car to 5 to 10 miles per hour and eventually was stopped after he crossed a grassy lot onto another street. The officer requested Defendant to produce his license, but Defendant stated that he did not have one with him. Defendant was sitting behind the steering wheel, but slumped over to the right side. Defendant was also wearing sunglasses. The officer could smell alcohol on Defendant's breath, and noticed that his eyes were very bloodshot when he removed his glasses. His speech was also slurred. When asked to get out of the car, the officer had to assist him, and he staggered forward and then back against the car. In the opinion of the arresting officer, Defendant was very intoxicated.

Defendant appeals on 5 points.

Point 1 asserts: "The trial court erred in refusing to impanel a separate jury to determine [Defendant's] competency to stand trial, where evidence to support a finding of incompetency was produced by [Defendant] prior to the beginning of trial".

■ Defendant alleges that the trial court utilized the wrong standard in determining Defendant's competency to stand trial. We have reviewed the record and find that there was no evidence of incompetence sufficient to require the trial court to impanel a separate jury to determine Defendant's competence. *See Sisco v. State*, 599 S.W.2d 607, 613 (Tex.Cr.App. 1980); *see also Hawkins v. State*, 660 S.W.2d 65, 84–85 (Tex.Cr.App.1983); *Futch v. State*, 632 S.W.2d 743, 746 (Tex.Cr.App. 1982). Assuming without deciding that the trial court used an improper standard in determining Defendant's competence, we find that any such error is harmless.

Point 1 is overruled.

Point 2 asserts: "The trial court erred in failing to conduct a hearing outside the presence of the jury, to determine whether there was any evidence to support a finding of incompetency to stand trial, where evidence of [Defendant's] incompetency was brought to the court's attention during trial".

■ In *Mata v. State*, 632 S.W.2d 355 (Tex.Cr.App.1982), the Court of Criminal Appeals described in detail the two procedures for asserting a defendant's incompetence to stand trial under article 46.02. Section 2(a) of this article governs those instances in which the incompetence of Defendant was asserted prior to trial, as in the present case, while section 2(b) "controls the competency procedure if there has been no pretrial assertion of incompetency". *Id.* at 357. Since the issue of Defendant's competence was raised pretrial, the trial court was not required to sua sponte hold a competency hearing during the trial. *Id.* Moreover, after reviewing the record, we do not find that there was any evidence of Defendant's incompetency brought to the trial court's attention during trial that would have required a sua sponte determination of competency.

Point 2 is overruled.

Point 3 asserts: "The trial court erred in overruling [Defendant's] objection to the introduction of a video tape showing [Defendant] being booked into the McLennan County Jail, and asked to perform sobriety tests, because Defendant did not waive his right to have counsel present, and therefore the video tape was inadmissible pursuant to the provisions of article 38.22, § 3, Tex.Code Crim.Proc.Ann."

■ On the night Defendant was arrested, all events that transpired after Defendant was transported into the sally port were recorded on video tape. Defendant's *Miranda*[1] warnings were read to him, at which time Defendant stated that he did not understand all of his warnings and asked the officer to read the warnings once more. The officer then told Defendant

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

that he had the right to speak with an attorney prior to and during questioning. Defendant then asked to call his attorney. He was taken to a phone and given a phone book. Defendant fumbled around with the phone book, but never made the phone call. He told the officer that he would call his attorney in the morning. At that time, the officer took Defendant to the area designated for sobriety testing, and requested that Defendant walk nine steps heel-to-toe on the line. Defendant refused. The officer then asked Defendant if he would take an intoxilyzer test, and he refused to do so.

Defendant now complains that once he requested an attorney, all interrogation should have ceased and could not have resumed until Defendant's attorney was present. Defendant stated that since he requested an attorney, he did not waive his right to have an attorney present. We have viewed the video tape, and we find that Defendant did request an attorney, but that he later waived his right to counsel when he told the officer that he would not call his attorney at that time, but would call him in the morning. Thus, Defendant's rights were not violated. Moreover, it is clear from our viewing of the video tape that Defendant was not mistreated in any way by the officer during this period of his arrest. In fact, the officer was overly willing to abide by Defendant's wishes.

Point 3 is overruled.

Point 4 asserts: "The trial court erred in overruling [Defendant's] objection to the introduction [of] a video showing [Defendant] being booked into the McLennan County Jail because the video tape showed [Defendant] being compelled to perform sobriety tests, which violated [Defendant's] constitutional rights against self-incrimination".

Terry Fuller testified that he was in charge of running the video equipment during the time period in which Defendant was brought to the McLennan County Jail. He further testified that the video equipment appeared to be operating properly at the time Defendant was being taped; that he personally observed Defendant while he was being taped; that he reviewed the video tape on the morning prior to his testimony and that the video tape fairly and accurately represented the scene as it was at the time of the events depicted on the tape. He also testified that the tape did not appear to have been altered in any way. The video portion of the tape was viewed by the jury, while the audio portion was not played due to objection by Defendant.

The privilege against self-incrimination extends only to testimonial communications from a defendant, not to real or physical evidence. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Delgado v. State*, CA (San Antonio) no pet., 691 S.W.2d 722, 723 (1985). Article 38.22 of the Code of Criminal Procedure is based on the privilege against self-incrimination, but only applies to recordings of testimonial confessions made as the result of custodial interrogation. *Wagner v. State*, CA (Texarkana) no pet., 720 S.W.2d 827, 829 (1986). The video tape in this case was nontestimonial since the audio portion was not played, and thus does not violate the privilege against self-incrimination as contained in the State and Federal constitutions. Additionally, the showing of the video tape did not violate article 38.22 because it was not only nontestimonial, but it was not made as a result of custodial interrogation, pursuant to our discussion under point 3.

Point 4 is overruled.

Point 5 asserts: "The trial court committed fundamental error in submitting instructions to the jury on the law of parole under the authority of article 37.07, [section] 4, Tex.Code Crim.Proc.Ann., because such statute is unconstitutional".

The trial court properly instructed the jury in accordance with article 37.07, section 4, of the the Texas Code of Criminal Procedure. Defendant alleges that article 37.07, section 4, is unconstitutional because

it violates the separation of powers doctrine of the Texas Constitution.

Article 37.07, section 4, has been held to be constitutional. *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas, 1986, no pet.) (on rehearing); *Hardy v. State*, CA (Houston 14) no pet., 722 S.W.2d 164, 166 (1986); *Clark v. State*, CA (Houston 1) no pet., 721 S.W.2d 424, 425–26 (1986); *Patton v. State*, CA (Fort Worth) no pet., 717 S.W.2d 772, 780 (1986). We do not find that article 37.07, section 4, violated the separation of powers doctrine.

Point 5 is overruled.

AFFIRMED.