Jerry HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–89–00219–CR.

Court of Appeals of Texas, Dallas.

March 12, 1990.

Lawrence B. Mitchell, Dallas, for appellant.

Patricia Poppoff Nobel, Dallas, for appellee.

Before McCLUNG, LAGARDE and OVARD, JJ.

## OPINION

McCLUNG, Justice.

Jerry Hill appeals his conviction of burglary of a building. Hill maintains it was error for the trial court not to conduct a hearing on his competency prior to trial. We agree and abate the appeal.

Hill was indicted for burglary of a building. On August 20, 1986, he waived his right to trial by jury and entered a plea of guilty. The court, after finding the evidence supported a verdict of guilty, deferred adjudication and placed Hill on probation for a period of three years. In November of 1988, probation was revoked and Hill was sentenced to fifteen years' confinement.

The record contains two letters to the court regarding Hill's mental condition from two psychiatrists, written thirty days apart, covering three examinations. Dr. Griffith's letter, dated July 7, 1986, discusses his observation of Hill during two separate examinations. In his first examination, on June 6, 1986, he observed Hill appeared to be "actively hallucinating" and "functioning in the mentally retarded range." The July 3, 1986 examination, some twenty-seven days later, revealed Hill had organic brain syndrome with psychosis due to the ingestion of drugs, was function-

ally illiterate, with an I.Q. in the 75–80 range. He concluded that Hill did not have sufficient ability to consult with his lawyer and was not competent to stand trial. He ended the report with the opinion that there was a substantial probability that Hill would obtain competency within the foreseeable future. In an August 8, 1986 letter, Dr. Grigson said he examined Hill on July 15, 1986, twelve days after Dr. Griffith, and concluded that Hill did have sufficient present ability to consult with his lawyer and did, within a reasonable degree, understand the proceeding against him.

■ Hill argues that pursuant to Section 2(a) of Article 46.02 of the Texas Code of Criminal Procedure,[1] there was enough evidence to support a finding of incompetence, and he was therefore entitled to a hearing on that issue. This evidence may come from any source, including the judge's own observations or a written motion filed by the defendant prior to the date of trial. *Richardson v. State*, 663 S.W.2d 111, 112 (Tex.App.—Houston [1st Dist.] 1983, no writ). Here, the trial judge had both letters before him to determine if a separate hearing before a jury on the issue of competence was required and the judge determined no hearing was necessary.

■ The standard to be used by the court in determining the necessity of a hearing is to evaluate just that evidence tending to support incompetency, putting aside all competing indications of competency to find whether there is some evidence, a quantity more than a scintilla, that rationally may lead to a conclusion of incompetency. *Sisco v. State*, 599 S.W.2d 607, 613 (Tex.Crim.App. [Panel op.] 1980). Here, the trial judge did not apply the standard set out in *Sisco*. After putting aside Dr. Grigson's letter, the court had, in Dr. Griffith's letter, some evidence, a quantity more than a scintilla, that rationally might have led to a conclusion of incompetency. Therefore, this appeal must be

1. The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits, asserting that the defendant is incompetent to stand trial.

abated and the case remanded to the trial court for further proceedings pursuant to section 4(a) of article 46.02.[2]

Because of our decision, we need not address the remaining point of error.

This appeal is abated and remanded to the trial court for proceedings consistent with this opinion.

---

**2.** Section 4(a) reads in part:
If the court determines that there is evidence to support a finding of incompetency to stand trial, a jury shall be impaneled to determine the defendant's competency to stand trial. This determination shall be made by a jury that has not been selected to the determine the guilt or innocence of the defendant....