Eddie Kevin COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–90–01078–CR.

Court of Appeals of Texas,
Dallas.

Jan. 27, 1992.

John R. Laigh, Duncanville, for appellant.

Jeffrey B. Keck, Dallas, for appellee.

Before BAKER, THOMAS and WHITTINGTON[1], JJ.

## OPINION

THOMAS, Justice.

A jury convicted Eddie Kevin Coleman of the offense of escape and assessed punishment, enhanced by a prior conviction, at seven years' confinement. In two points of error, Coleman complains that the trial court (1) erred in denying his requested jury charge on the offense of evading arrest and (2) abused its discretion in allowing the State to show him in handcuffs to the jury without a hearing, an instruction, or a good reason. We disagree. Accordingly, the trial court's judgment is affirmed.

## FACTUAL BACKGROUND

On August 21, 1989, Coleman's trial for unauthorized use of a motor vehicle was set before Judge Pat McDowell in Criminal District Court No. 5. Coleman, who was on bond, did not appear by 10:00 a.m. About noon, Judge McDowell told his bailiff, William W. Kelley, to put Coleman in jail if he appeared at the court. At approximately 1:15 p.m., Kelley saw Coleman in the court coordinator's office. Kelley told Coleman that he had a warrant for Coleman's arrest and that he was under arrest.

1. The Honorable John Whittington, Justice, participated in this case at the time it was submitted for decision. Due to his resignation on December 31, 1991, he did not participate in the issuance of this opinion.

Coleman asked Kelley why he was being arrested, and Kelley asked him to sit down so that they could discuss it. Coleman remained standing. When Kelley took Coleman by the left arm, Coleman stiffened up and would not move. Coleman then turned away, and Kelley positioned himself between Coleman and the door. Coleman told his female companion that he would not go to jail, pushed Kelley, and ran through the door. Kelley's forehead hit a water fountain, causing him to bleed and his glasses to break. Kelley got up and chased Coleman down a stairwell, outside the courthouse, and across the street. Judge McDowell and two other judges, who were returning to the courthouse from lunch, saw Kelley chasing Coleman. Although Kelley was having trouble seeing and gave up the chase, Judge McDowell and the others chased Coleman throughout the downtown Dallas area. Coleman eventually was arrested by police officers.

## LESSER–INCLUDED OFFENSE

In the first point, Coleman contends that the trial court erred in denying his requested jury charge on the lesser-included offense of evading arrest. He asserts that the jury had sufficient testimony to find him guilty of evading arrest. Coleman does not challenge the sufficiency of the evidence to support his conviction for escape.

■ Article 37.09 of the Texas Code of Criminal Procedure defines a lesser-included offense as follows:

An offense is a lesser included offense if:
(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
(3) it differs from the offense charged only in the respect that a less culpable

mental state suffices to establish its commission; or
(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.PROC.ANN. art. 37.09(1)–(4) (Vernon 1981). Generally, an instruction on a lesser-included offense should be given if: (1) the lesser offense is included within the proof necessary to establish the offense charged; and (2) there is some evidence in the record that, if the defendant is guilty, he is guilty only of the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (op. on reh'g).

■ A person commits the offense of escape if he flees from custody when he either is under arrest for, charged with, or convicted of an offense or is in custody pursuant to a lawful court order. TEX.PENAL CODE ANN. § 38.07(a)(1) & (2) (Vernon 1989). Evading arrest occurs when a person intentionally flees from a person whom he knows is a peace officer attempting to arrest him. Act of June 17, 1987, 70th Leg., R.S., ch. 504, § 1, 1987 Tex.Gen.Laws 2117, *amended by* Act of May 17, 1989, 71st Leg., R.S., ch. 126, § 1, 1989 Tex.Gen. Laws 488 (section 38.04 of the Texas Penal Code).[2] A comparison of the elements of evading arrest and escape reveals that each covers a different set of circumstances. Evading arrest applies when the suspect flees *prior* to arrest; escape applies to flight *after* arrest. Searcy & Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 38.04 (Vernon 1989). Each offense relates to a different point in time during the arrest process, and each is proved by *different* facts. Escape requires the State to prove a completed arrest, while evading arrest requires proof of an attempt to arrest the defendant. Because the two offenses require proof of different facts, evading arrest cannot be established by proof of the same or less than all the facts required to establish the commission of escape as required by the Texas Code of Criminal Procedure. Further, evading ar-

---

**2.** Section 38.04 of the Texas Penal Code was amended effective September 1, 1989. The pre-amendment version of that section applies here because the offense occurred before September 1, 1989.

rest does not consist of an attempt to commit escape or an otherwise included offense. Thus, evading arrest is not a lesser-included offense under article 37.09(4). Because evading arrest is not a lesser-included offense of escape, we hold that the trial court was correct in denying Coleman's requested jury charge. The first point is overruled.

### COLEMAN DISPLAYED TO JURY IN HANDCUFFS

In the second point of error, Coleman argues that the trial court abused its discretion in allowing the State to show him in handcuffs to the jury without a hearing, an instruction, or a good reason. He contends that allowing the jury to see the defendant in handcuffs infringes the constitutional presumption of innocence and that when the defendant is handcuffed the record should affirmatively reflect the reasons therefor. Before trial, Coleman told the trial court that he was in the process of hiring his own attorney and that he did not want to be in the courtroom with his court-appointed attorney. Coleman voluntarily absented himself from the courtroom on the first day of trial. The bailiff placed Coleman in a holding cell adjacent to the courtroom where he could hear the trial.

On the first day of trial, the State's first witness needed to identify Coleman. At that point, the following occurred:

> THE COURT: ... Bailiff, please bring Mr. Coleman in.
> He can just stand in the door if you get that far.
> (Pause in the proceedings.)
> ([Coleman] was brought into the courtroom by five bailiffs.)

Coleman made no objection. *After* the jury returned a guilty verdict, Coleman moved for a mistrial on the ground that he had been displayed in handcuffs to the jury. The trial court asked whether the motion pertained to "the time when [Coleman] refused to come out for the witness Paula Stroud to view him and identify him and the extra bailiffs had to be called to bring him into the courtroom[.]" Coleman and defense counsel conferred and agreed that this was the occasion to which the motion referred. The trial court then denied Coleman's motion.

 To preserve error, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. TEX. R.APP.P. 52(a). To be timely, an objection must be made at the first opportunity. *Stevens v. State*, 671 S.W.2d 517, 521 (Tex. Crim.App.1984). An objection and motion for mistrial made after the jury has returned a guilty verdict is not a timely request. *See Jones v. State*, 471 S.W.2d 413, 415 (Tex.Crim.App.1971) (the appellant waived the right to object to identification by waiting until both the State and the appellant had rested and closed). Further, Coleman has shown no reason for the delay. We conclude that Coleman waived the error, if any, by waiting to object until after the jury had returned a guilty verdict. Accordingly, the second point is overruled.

The trial court's judgment is affirmed.