**John Craig MOUGHON, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–97–192–CR.**

Court of Appeals of Texas, Fort Worth.

April 16, 1998.

Tommy Carlton Wise, Weatherford, for Appellant.

1. *See* Tex.R.App. P. 33.1(a)(1); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App.1995).

2. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g).

3. *See Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim.App.1996).

4. *See id.*

Donald E. Schnebly, Dist. Atty., Edward D. Lewallen, K. thleen Catania, Asst. Dist. Attys., Weatherford, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

A jury convicted Appellant John Craig Moughon of aggravated assault. The judge sentenced him to twelve years' confinement. Moughon brings two points on appeal.

In his first point, Moughon complains that the trial court erred by requiring him to wear handcuffs during voir dire. To preserve a complaint for our review, a party must have made a timely and specific objection at trial.[1] Moughon did not do so.

The appellate rules do not require an objection, however, when the trial court commits an egregious error, error creating such harm as to have denied the defendant a fair and impartial trial.[2] Egregious error is difficult to prove.[3] Whether error is egregious must be determined on a case-by-case basis.[4] We follow our sister court in Dallas in holding that jurors seeing a defendant wearing handcuffs does not constitute egregious error.[5] We overrule point one.

In his second point, Moughon complains that the trial court erred by failing to conduct a competency hearing sua sponte. Specifically, he alleges that four instances are evidence of his incompetence to stand trial. First, Moughon alleges that his disinterest in discussing plea bargaining is evidence of his incompetence to stand trial. To the contrary, the competence of an innocent man pleading to the commission of a felony should be called into question due to the disgrace inherent in such a plea.[6] Moughon

5. *See Coleman v. State*, 825 S.W.2d 735, 737 (Tex.App.—Dallas 1992, no pet.).

6. *See Zepeda v. State*, 110 Tex.Crim. 57, 7 S.W.2d 527, 528 (1928) (op. on reh'g).

concedes in his appellate brief that he has "been absolutely adamant regarding his innocence."

 Second, Moughon alleges that his refusal to apply for probation is evidence of his incompetence to stand trial. The court of criminal appeals has held that refusal to apply for probation is a valid trial strategy, and consequently is not evidence of incompetence to stand trial.[7] Third, Moughon alleges that his refusal to request that the jury set punishment is evidence of his incompetence to stand trial. Because refusal to request that the jury set punishment is also a valid trial strategy,[8] we analogize it to refusal to apply for probation and hold that it is not evidence of incompetence to stand trial.

 Fourth, Moughon alleges that his testimony at trial that he was a spy in the Marine Corps is evidence of his incompetence to stand trial. Article 46.02 of the Code of Criminal Procedure provides:

> Sec. 2. (a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.
>
> (b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.[9]

In accordance with section 2(a), the trial court ordered Moughon to submit to pretrial psychological evaluations. Psychologist Swen Helge reported to the trial court that Moughon boasted to him of being a spy in the Marine Corps. Helge noted that, "It is not unusual for inmates ... to .... use interesting or borderline bizarre concepts to gain attention, relieve boredom, or attempt to control social interaction." Helge concluded that Moughon was competent to stand trial.

Because the trial court was aware of Moughon's pretrial boasts of being a spy in the Marine Corps, his testimony at trial did not bring any new evidence of his incompetency to the attention of the trial court. Consequently, section 2(b) did not require the trial court to conduct a competency hearing sua sponte.[10] We overrule point two. Finding no reversible error, we affirm the trial court's judgment.

---

7. *See Johnson v. State*, 564 S.W.2d 707, 711 (Tex.Crim.App.1977) (op. on reh'g), *rev'd on other grounds, Williams v. State*, 663 S.W.2d 832, 834 (Tex.Crim.App.1984).

8. *See Jackson v. State*, 766 S.W.2d 518, 519 (Tex. Crim.App.1988).

9. Tex.Code Crim. Proc. Ann. art. 46.02, § 2 (Vernon 1979).

10. *See Foy v. State*, 726 S.W.2d 263, 264 (Tex. App.—Waco 1987, no pet.).