ACCEPTED
01-14-00366-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/23/2015 5:32:43 PM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00366-CR**

In the
Court of Appeals
For the
First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/23/2015 5:32:43 PM
CHRISTOPHER A. PRINE
Clerk

————————◆————————

**No. 11249853**
In the 178th District Court
Of Harris County, Texas

————————◆————————

**Christopher Dewa Washington**
*Appellant*

*v.*

**The State of Texas**
*Appellee*

————————◆————————

**State's Motion for Rehearing**

————————◆————————

This is an appeal from the appellant's conviction for capital murder. The appellant raised three points in his brief, the third of which claimed that the trial court erred by not holding a trial on his competency to stand trial. On November 19, 2015, this Court issued a "Memorandum Order of Abatement" sustaining the appellant's third point and ordering the trial court "to determine whether it is feasible to conduct a retrospective competency trial, and if so, to order an

1

examination of appellant ... and conduct a retrospective competency trial." The State asks this Court to reconsider its order. The State believes that this Court has misread the record. Once these misreadings are removed from this Court's order, the remaining evidence does not provide a scintilla of evidence that the appellant was incompetent to stand trial.

**This Court's order is based on serious misreadings of the record.**

In the portion of its order holding that the trial court abused its discretion by not having a competency trial, this Court included two paragraphs listing what it believed was evidence that the appellant was incompetent. The second paragraph focused on an affidavit from one of the appellant's trial attorneys:

> In the affidavit attached to appellant's motion for a competency trial, Salceda averred, among other things, that he was unable to meaningfully consult with appellant regarding the facts of the case and trial proceedings because whenever he asked appellant a question, appellant's only response was, "ok."

(Memorandum Order of Abatement at 11).

That is not an accurate statement of the record. If this Court does not grant rehearing, it should reissue its order without that sentence. What Salceda stated is:

2

On April 7, 2014, Patrick McCann and I visited with [the appellant] in the courtroom holding cell. Mr. McCann explained to [the appellant] how and why he had arrived at the decision to not have his family testify during guilt/innocence in the case. [The appellant] nodded his head and exclaimed "ok." Mr. McCann explained to [the appellant] that if he was found guilty of one of the lesser included offenses, we would reconsider what witnesses to put on but in any event that portion of the case was going to be to the judge, not the jury. [The appellant] nodded his head and exclaimed "ok." At that point Mr. McCann explained to [the appellant] that I wanted to go over a few things with him. Mr. McCann left the room and I stayed and explained several things that I was going to do during Voire Dire that I wanted [the appellant's] input on. His only response to me was "ok." I then asked him if he had any questions for me. He asked me if his family was going to testify as to his work history. I repeated the explanation Mr. McCann gave to [the appellant] earlier and he again replied "ok."

(CR 142-43).

There is no averment that Salceda was unable to meaningfully consult with the appellant. All Salceda averred is that he asked the appellant some questions, and the appellant replied: "Ok." There is no averment that "ok" was an inappropriate answer to any of these questions, or that there was any information that Salceda wanted but the appellant was unable to convey. Further, this Court's statement that "whenever [Salceda] asked appellant a question, appellant's only response was, 'ok'" is in direct conflict with Salceda's statement that

3

when he asked the appellant if he had any questions, the appellant asked Salceda "if his family was going to testify as to his work history."

Defense counsel's unspecified difficulty in communicating with a defendant is not evidence of incompetence. *Moore v. State*, 999 S.W.2d 385, 394 (Tex. Crim. App. 1999). In *Moore*, the defendant made several inappropriate outbursts during trial, and defense counsel kept telling the defendant that this was inappropriate. Defense counsel told the trial court that the defendant did not understand what counsel was telling him, and that the defendant's replies were inappropriate: "I'm talking in apples and the responses are in oranges." *Moore*, 999. S.W.3d at 394. That statement is much more descriptive than Salceda's affidavit, insofar as it actually states that the defendant's replies were inappropriate, yet the Court of Criminal Appeals rejected it as insufficiently specific to require a competency trial. *Ibid*.

Even if one were to read into Salceda's affidavit an averment that the appellant's answers were inappropriate, there is no reason to believe that they show an *inability* to consult with his attorneys, rather than a simple refusal to do so. If the question is, "Was the appellant unable to consult with his attorneys, or just unwilling?", Salceda's affidavit would not constitute a scintilla of evidence one way or the

4

other: "When the circumstances are equally consistent with either of two facts, neither fact may be inferred." *City of Keller v. Wilson*, 168 S.W.3d 802, 813 (Tex. 2005) (quoting *Tubelite, a Div. of Indal, Inc. v. Risica & Sons, Inc.*, 819 S.W.2d 801, 805 (Tex.1991)).

This Court's second serious misreading of the record also relates to the distinction between a defendant's inability to aid his attorney, and a mere refusal to do so. This Court characterized another portion of Salceda's affidavit as "illustrating appellant's inability to meaningfully consult with his counsel regarding voir dire …." What Salceda said is:

> During Voire Dire, [the appellant's] only participation was to ask three separate times whether the jury would assess punishment even after it had been explained by myself and by Mr. McCann on two separate occasions. His notes during voir dire were incomprehensible, they were words that could not be made out and he never expressed an opinion about individual panel members even though we had explained to him what we were doing and how we were going about it.

(CR 143). This is a statement only that the appellant did not consult with his attorneys during voir dire, not that he was unable to do so. Nothing in the record provides any way of determining whether this instance "illustrates" an inability to meaningfully consult with counsel, or whether it is simply an example of the appellant choosing not to discuss voir dire with his lawyers. In short, there is no evidence as to *why* the

5

appellant did not discuss voir dire with his attorneys. Thus, this example does not provide a scintilla of evidence one way or the other. *See City of Keller*, 168 S.W.3d at 813. Considering that the Legislature has established a statutory presumption of competence, *see* TEX. CODE CRIM. PROC. art. 46B.003(b), neither the trial court nor this Court should infer incompetence from evidence that is equally consistent with competence.

It is not obvious what meaningful input a defendant should have regarding voir dire, and Salceda's affidavit did not state what sort of input he expected from the appellant. Disinterest in a phase of trial is not evidence of incompetence. *See Moughon v. State*, 967 S.W.2d 900, 901 (Tex. App.—Fort Worth 1998, no pet.); *Turner v. State*, 422 S.W.3d 676, 692, 696 (Tex. Crim. App. 2013) (evidence that defendant refused to cooperate with defense counsel is insufficient to require competency trial without evidence that such refusal was prompted by mental illness or disability).

On its face, this portion of Salceda's affidavit shows that the appellant did not speak to his attorneys about voir dire, and that he wrote some illegible words, but the affidavit provides no explanation as to *why* he did speak with his attorneys or take legible notes. Nothing else in the record suggests that this "illustrate[d]" an *inability* to aid his

6

attorneys, as opposed to a choice not to say anything and spend his time doodling or writing sloppily. If this Court does not grant rehearing, it should modify its order to delete the assertion that Salceda's description of the appellant's behavior during voir dire was evidence of incompetence.

**The remainder of this Court's order cited no evidence related to the appellant's competence.**

In discussing what it believes is evidence of incompetence, this Court references the appellant's "traumatic childhood head injury," (Memorandum Order of Abatement at 11), but there is nothing in the record that supports an inference that this injury had any connection to the appellant's competence to stand trial. The only information in the record about this "traumatic childhood head injury" is that the appellant was struck by a taxi when he was 5 years old and he went to the hospital for a brain injury.[1] (CR 143; 2 RR 20). The only evidence regarding the severity of this injury is a witness's statement that the appellant was in the hospital for only "a couple of days." (2 RR 20). From that bare information, the appellant's attorneys at trial and on appeal have

---

[1] The appellant's witnesses testified only that the appellant suffered a head injury. The only evidence of a brain injury is Salceda's characterization of what the appellant's family had told him.

assumed — without any medical records, expert evidence, or even any lay witness testimony — that this injury was somehow relevant to the appellant's mental functioning more than thirty years later. That assumption has no support in the record.[2]

As further evidence of incompetence, this Court refers to Salceda's discussion, in his affidavit, of the appellant's failure to help his attorneys explain the timeline of the night of the murder. (Memorandum Order of Abatement at 12). This failure is indicative of guilt, not incompetence. Moreover, Salceda's affidavit referred to two isolated discussions with the appellant without mentioning whether the appellant had been able to provide a satisfactory timeline during any other discussion, yet this Court characterizes it as demonstrating an *inability* to perform simple arithmetic. If the appellant were genuinely unable to perform the simple arithmetic necessary to aid in his defense, surely this would have come to defense counsel's attention during the 45 prior months of representation. Because Salceda's affidavit detailed instances of confusion without noting whether those were isolated instances or indicative of other conversations, or whether those instances were

---

[2] Indeed, the record contains no evidence that the injury affected his mental functioning at the time it occurred. There is evidence of an injury, and evidence of below-average intellectual functioning, but no evidence that the two are connected.

related to any mental illness or disability, this is not sufficient evidence to require a competency trial. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009). If it were, every guilty defendant who failed to help his attorneys produce a timeline consistent with the defensive theory of the case would be entitled to a competency trial.

The other evidence cited by this Court as showing incompetence to stand trial related exclusively to the appellant's supposed below-average intellectual functioning, but that evidence was never connected to the appellant's ability to understand the proceedings against him or assist his attorneys. Thus the only statements in this Court's order that support its conclusion are inaccurate characterizations of the record.

## Conclusion

This Court should grant rehearing and withdraw its order. In the alternative, this Court should revise its order to more accurately reflect the record.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ C.A. Morgan
CLINTON A. MORGAN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
713.274.5826
Texas Bar No. 24071454

## Certificate of Compliance and Service

I certify that, according to Microsoft Word's word counting function, the portion of this brief for which Rule of Appellate Procedure 9.4(i)(1) requires a word count contains 1,846 words.

I also certify that I have requested that efile.txcourts.gov electronically serve a copy of this brief to:

Wendell A. Odom, Jr.
wendell@wendellodom.com

Brian T. Hobson
brian@wendellodom.com

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
713.274.5826
Texas Bar No. 24071454

Date: November 23, 2015