

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00404-CR

RICARDO JAVID LUGO                                              APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 1396288D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Ricardo Javid Lugo entered an open plea of guilty to indecency

with a child by contact, and the trial court sentenced him to twenty years'

---

[1]*See* Tex. R. App. P. 47.4.

imprisonment.[2]  *See* Tex. Penal Code Ann. § 21.11(a)(1) (West 2011).  In three issues,[3] Lugo argues that the trial court erred by failing to conduct a sua sponte informal competency inquiry and that his guilty plea was involuntary as a result of his trial counsel's deficient performance.  Because there was no suggestion of incompetency to trigger a sua sponte informal competency inquiry and because Lugo has failed to overcome the strong presumption that his trial counsel provided adequate assistance and that his plea was voluntarily entered, we will affirm.[4]

## II. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY FAILING TO CONDUCT A SUA SPONTE INFORMAL COMPETENCY INQUIRY

In his first issue, Lugo argues that the trial court should have conducted a sua sponte informal competency inquiry before imposing sentence.  Lugo

---

[2]At the plea hearing, Lugo also pleaded guilty in a separate cause (cause number 1393427D) to three counts of possession with intent to promote child pornography and seven counts of possession of child pornography, and the trial court placed Lugo on ten years' deferred adjudication for each offense.  Lugo did not appeal the orders of deferred adjudication in cause number 1393427D.

[3]Lugo's appointed appellate counsel filed an *Anders* brief and a motion to withdraw.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Lugo thereafter filed a motion to substitute retained appellate counsel.  This court granted the motion to substitute counsel—implying that Lugo's appointed appellate counsel's motion to withdraw was moot—and ordered that a "Reply to *Anders* Brief" filed by Lugo's retained appellate counsel be treated as Lugo's brief on the merits.  For the sake of clarity and completeness, we now explicitly deny as moot the motion to withdraw filed by Lugo's appointed appellate counsel.

[4]Because the sufficiency of the evidence is not at issue, we omit a background section and summarize pertinent portions of the record from the plea hearing and the punishment hearing as relevant to each of Lugo's issues.

contends that during the two months between the time that he entered his guilty plea and the time that he was sentenced, "multiple instances and irregularities" came to light "that should have put the trial court on notice of [Lugo's] mental illness issues."

## A. Standard of Review

We review a trial court's decision not to inquire into a defendant's competence for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds as recognized by Turner v. State*, 422 S.W.3d 676, 692 n.30 (Tex. Crim. App. 2013). We may not substitute our judgment for that of the trial court; instead, we determine whether the trial court's decision was arbitrary or unreasonable. *Montoya*, 291 S.W.3d at 426. A trial court's firsthand factual assessment of a defendant's competency is entitled to great deference on appeal. *See Ross v. State*, 133 S.W.3d 618, 627 (Tex. Crim. App. 2004).

## B. Law on Incompetency

A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 46B.003(b) (West 2006). A defendant must also be mentally competent to be sentenced. *See id.* art. 42.07(2) (West 2006); *Casey v. State*, 924 S.W.2d 946, 949 (Tex. Crim. App. 1996). A defendant is incompetent when he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a

3

rational as well as factual understanding of the proceedings.  Tex. Code Crim. Proc. Ann. art. 46B.003(a); *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960); *Turner*, 422 S.W.3d at 689.

If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial.  Tex. Code Crim. Proc. Ann. art. 46B.004(b) (West Supp. 2016).  Once the trial court (or either party) suggests that a defendant may be incompetent to stand trial, the court "shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent."  *Id.* art. 46B.004(c).  A suggestion of incompetency is the threshold requirement for such an informal inquiry, and such a suggestion "may consist solely of a representation from any credible source that the defendant may be incompetent."  *Id.* art. 46B.004(c–1).

## C.  No Suggestion of Incompetency

### 1.  Motions Filed after the Plea Hearing

Lugo argues that the trial court was twice asked to order a mental examination.  Lugo states in his brief that the first motion suggesting he had competency issues was filed by his trial counsel after the plea hearing and that, in response, the trial court signed an "Order for Psychological Testing Away from Jail."  The record contains no motion triggering the order for psychological testing, and the order does not reference a motion; instead, the order appears to be on the court's own motion and requests "a psychological, psychiatric, or

4

psychosexual evaluation as part of a Presentence Investigation Report."[5] At the punishment hearing, the trial court took judicial notice of the contents of the PSI report, but the report was not admitted into evidence. Lugo does not argue on appeal that the PSI report contained evidence suggesting that he was incompetent.[6]

The second motion suggesting competency issues that Lugo relies on is his handwritten pro se motion for psychiatric testing, which was filed after the trial court signed the order for psychological testing away from the jail. Lugo argues that "[a]llegations contained within [his] motion include prior conversations with counsel's attorney by Appellant's family and friends specifying specific symptoms

---

[5]The order does not state whether it was issued pursuant to Texas Code of Criminal Procedure article 42.12, section 9(i). *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(i) (West Supp. 2016) (stating that "[a] presentence investigation conducted on any defendant convicted of a felony offense who appears to the judge through [his] own observation or on suggestion of a party to have a mental impairment shall include a psychological evaluation which determines, at a minimum, the defendant's IQ and adaptive behavior score" and requiring that the results of the evaluation be included in the PSI report). Because the record is silent on this matter, we cannot discern whether it is the trial court's standard practice to request a psychological evaluation in every case in which a PSI report is ordered or whether the trial court observed or a party suggested that Lugo had a mental impairment. A "mental impairment," however, does not automatically equate with incompetency to be sentenced. *See Moore v. State*, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999) ("Evidence of mental impairment alone does not require [a competency hearing] where no evidence indicates that a defendant is incapable of consulting with counsel or understanding the proceedings against him."), *cert. denied*, 530 U.S. 1216 (2000).

[6]We nonetheless ordered the trial court clerk to supplement the record with the PSI report. Our review of the PSI report demonstrates that it contains no evidence suggesting that Lugo is incompetent.

5

of mental illness as well as instances of mental illness going as far back as 1998." Lugo's motion concludes with a blank for Lugo's trial attorney's signature; however, neither the trial attorney's signature nor Lugo's signature appears on the motion. Lugo's self-serving statements in his unsigned motion constitute no evidence of incompetency. *See Richardson v. State*, 663 S.W.2d 111, 113 (Tex. App.—Houston [1st Dist.] 1983, no pet.) (holding appellant's answers to his counsel's questions were self-serving and did not suggest that appellant was unable to assist counsel with his defense).

The trial court's order for psychological testing for the PSI report and Lugo's unsigned pro se motion for psychiatric testing fail to overcome by a preponderance of the evidence the presumption that Lugo was competent to be sentenced. *See* Tex. Code Crim. Proc. Ann. art. 46B.003(b); *Moore*, 999 S.W.2d at 395; *Richardson*, 663 S.W.2d at 113.

### 2. Testimony at the Punishment Hearing

Lugo also contends that competency concerns were raised at the punishment hearing because his psychologist—who saw Lugo for a total of six hours in February, March, June, and September 2015—"repeatedly stated that Mr. Lugo belonged in a mental institution" and testified that Lugo believed himself to be twelve years old and acted consistently with that belief. The record reveals that Lugo's psychologist, Dr. Emily Fallis, testified that Lugo would benefit from an environment "where he's in residence. And I think mental health venue rather than a penal situation, but certainly someplace that's structured and not an

6

outpatient sort of treatment program." When Dr. Fallis was asked to clarify what she meant by a mental health venue, she explained that Lugo needed a therapeutic environment where he could receive sex-offender treatment. Although Dr. Fallis did testify that Lugo thinks of himself as a twelve-year-old boy and that he operates emotionally and socially like a twelve-year-old boy even though he is eighteen years old, Dr. Fallis never testified that Lugo was incompetent to be sentenced.

The record also demonstrates that at the outset of the punishment hearing, Lugo's trial counsel thoroughly questioned Lugo on whether he understood the State's offer on punishment and the ramifications if he declined the State's offer, and Lugo answered each of his trial counsel's questions in a lucid manner. Even assuming Lugo had suffered from mental illness in the past, at the time he was sentenced, there was no evidence in the form of a representation from any credible source suggesting that he may have been incompetent in the legal sense, that is, there was no suggestion at the time sentence was imposed that Lugo failed to possess sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or that he did not have a rational, as well as factual, understanding of the proceedings against him. *See* Tex. Code Crim. Proc. Ann. art. 46B.003(a)–(b); *Turner*, 422 S.W.3d at 691 ("The fact that a defendant is mentally ill does not by itself mean he is incompetent."); *Jackson v. State*, 391 S.W.3d 139, 143 (Tex. App.—Texarkana 2012, no pet.) (holding past emotional issues did not suggest that appellant was incompetent to be

sentenced); *Edwards v. State*, 993 S.W.2d 171, 178 (Tex. App.—El Paso 1999, pet. ref'd) (holding that personality disorder did not render appellant legally incompetent to understand proceedings or to consult with his attorney with a reasonable degree of rational understanding).

Accordingly, we hold that the trial court did not abuse its discretion by failing to sua sponte conduct an informal inquiry into Lugo's competency before imposing sentence. *See Jackson*, 391 S.W.3d at 143 (holding no abuse of discretion by trial court in deciding not to conduct, sua sponte, an informal inquiry at sentencing); *Lindsey v. State*, 310 S.W.3d 186, 190 (Tex. App.—Amarillo 2010, no pet.) (holding that trial court did not abuse its discretion by failing to initiate an informal inquiry). We overrule Lugo's first issue.

### III. LUGO DID NOT REBUT THE RECORD'S PRIMA-FACIE SHOWING OF THE VOLUNTARINESS OF HIS PLEA, AND LUGO DID NOT OVERCOME THE STRONG PRESUMPTION THAT TRIAL COUNSEL'S CONDUCT WAS NOT DEFICIENT

In his second and third issues, Lugo argues that his guilty plea was involuntary as a result of his trial counsel's deficient performance.

A guilty plea may not be accepted by a court unless it appears to be free and voluntary. Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2016). In considering the voluntariness of a guilty plea, the court should examine the record as a whole. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). When a defendant is properly admonished before entering his plea, a prima-facie showing of voluntariness is established, which shifts the burden to the defendant to show he pleaded guilty without understanding the

8

consequences of his plea. *See id.* This burden is a high one that is difficult to meet in light of proper admonishments. *See Starks v. State*, 266 S.W.3d 605, 614 (Tex. App.—El Paso 2008, no pet.).

When an appellant challenges the voluntariness of a plea, contending that trial counsel was ineffective, the appellant must prove: (1) that counsel's advice was not within the range of competence demanded of attorneys in criminal cases and if it is not, (2) that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). The court must first make a threshold determination that counsel erroneously and incompetently advised the appellant before the second prong concerning prejudice to the appellant is reached. *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). An appellant's uncorroborated testimony that he was misinformed by counsel is not sufficient to show that his plea was involuntary. *Id.* Instead, an ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Moreover, review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013).

Here, Lugo concedes that he received the required statutory admonishments, which establish a prima-facie showing of the voluntariness of Lugo's guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a), (c) (setting forth admonishments); *Martinez*, 981 S.W.2d at 197. The burden thus shifted to Lugo to show he pleaded guilty without understanding the consequences of his plea. On appeal, Lugo argues that the admonishments were written in English and that he was never asked whether he could read the English language.[7] During the plea hearing, however, the trial court thoroughly questioned Lugo, and Lugo answered all of the trial court's questions in a lucid manner in English. Lugo has therefore failed to rebut the prima-facie showing of the voluntariness of his plea. *See Martinez*, 981 S.W.2d at 197.

Lugo also argues that his trial counsel provided ineffective assistance by failing to adequately investigate his mental health issues, by failing to file a motion suggesting incompetency prior to the plea hearing based on the issue identified by Dr. Fallis—that Lugo identified as a twelve-year-old boy, by failing to request a long-term commitment in a mental institution, and by failing to inquire whether Lugo could understand English. Lugo further argues, "It is difficult to see what possible trial strategy could consist [of] not telling the judge the client believes he is 12 years old" and that it "seems of questionable strategy not to file a competency motion when counsel's own expert, with 30 years [of] psychiatric

---

[7]Lugo points to evidence from the punishment hearing showing that the farthest he had ever gone in school when he lived in Mexico was the sixth grade.

10

experience, is prepared to testify that the client belongs in a mental institution." We have thoroughly analyzed the competency issue above and have held that the record contains no evidence suggesting that Lugo was incompetent at any time during the proceedings. Lugo has thus not shown how trial counsel's failure to file a motion suggesting incompetency "was not within the range of competence demanded of attorneys in criminal cases." *See Moody*, 991 S.W.2d at 857–58. Based on the record before us and the strong presumption that counsel's conduct was not deficient, we hold that Lugo has not met his burden of showing by a preponderance of the evidence that his trial counsel's representation was deficient. *See Nava*, 415 S.W.3d at 307; *Hall v. State*, 766 S.W.2d 903, 906–07 (Tex. App.—Fort Worth 1989, no pet.) (holding trial counsel was not ineffective for failing to request psychiatric examination to determine appellant's mental competency to stand trial because there was no evidence suggesting incompetency).

Accordingly, we overrule Lugo's second and third issues.

## IV. CONCLUSION

Having overruled Lugo's three issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 3, 2016