**Wayne Martin COWAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55191.**

Court of Criminal Appeals of Texas.

Panel No. 1.

Feb. 8, 1978.

Rehearing Denied En Banc
March 15, 1978.

Lawrence E. Ackels, Lawrence E. Ackels, Jr. and Henry J. Ackels, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Tom F. Lillard, Asst. Dist. Attys., Dallas, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated rape under V.T.C.A. Penal Code, Sec. 21.03(a)(2). After the jury returned a verdict of guilty, punishment, enhanced under V.T.C.A. Penal Code, Sec. 12.-42(c), was assessed by the court at twenty years.

Appellant challenges the sufficiency of the evidence to prove penetration.

■ The record reflects that on the afternoon of October 30, 1975, the prosecutrix received a telephone call from the appellant, asking her to help him wrap a package. The testimony reflects that the prosecutrix and the appellant had known each other slightly for several years. The appellant picked up the prosecutrix at work several hours later and they proceeded to his apartment. The appellant then told the prosecutrix that his wife would be back in a short time to help them wrap the gift. He then asked her if she would like to come upstairs and see his water bed, which she agreed to do. After a brief conversation in the bedroom, appellant closed the door and put his hand over her mouth, telling her not to scream or he would kill her. The appellant then pushed her onto the bed. At this point the prosecutrix testified the appellant pulled a knife and threatened her with it. He then threw her to the floor and ordered her to remove her blouse. The prosecutrix testified that she attempted to pull the appellant's hair and that she scratched him or at least pulled at the neck of his T-shirt. Prosecutrix stated that they "fought and fought" and in the course of the fight that appellant took her pants off. With respect to the issue of penetration, the record reflects that prosecutrix testified as follows:

"Q. And then at that time, J_____, did—let me ask you a question for the record. At that time did his male organ penetrate your female organ?

"A. Yes."

In addition, Dr. James D. Strong, Jr., testified that in his medical opinion the bruising of the prosecutrix's labia majora "was made with a male sex organ."

In *Sherbert v. State*, Tex.Cr.App., 531 S.W.2d 636, we stated:

"The burden of proof upon the State in proving penetration is no greater under V.T.C.A. Penal Code, Sec. 21.01(3) than it was under Art. 1187, V.A.P.C. This Court has held that the requirement of Art. 1187, V.A.P.C. is satisfied by showing any penetration, no matter how slight. *Rhynes v. State*, Tex.Cr.App., 479 S.W.2d 70; *Nilsson v. State*, Tex.Cr.App., 477 S.W.2d 592; *Johnson v. State*, Tex.Cr. App., 449 S.W.2d 65. While proof of the slightest penetration is sufficient, this element of the offense must be proved beyond a reasonable doubt. *Lynch v. State*, 150 Tex.Cr.R. 57, 199 S.W.2d 780; *Calhoun v. State*, 134 Tex.Cr.R. 423, 115 S.W.2d 965. Penetration between the labia of the female's private parts by the male sexual organ of the defendant is sufficient although the vagina was not entered or an act of intercourse was ever completed. *Rhynes v. State*, supra." (footnote omitted)

We find the evidence is sufficient to prove the act of penetration and conclude that the evidence is sufficient to sustain the conviction.

■ Appellant contends that the trial court erred in admitting over objection three photographs of the appellant after an allegedly illegal arrest.

The appellant contends that because he was illegally arrested the photographs taken of him at the police station were tainted, and were admitted in violation of his Fourth Amendment rights. The appellant argues that they were prejudicial because they showed heavy fingernail scratches on his chest.

We need not reach the question of whether the photographs were tainted by the allegedly illegal arrest since on direct examination the appellant testified as follows:

"Q. What did she do then?

"A. She started scratching me and I hauled off and knocked the crap out of her and I told her to get up, I ain't going for this.

\* \* \* \* \* \*

"Q. Now, you have said that you hit her.

"A. Yes, I did.

"Q. I don't like your choice of words, but you said you knocked the crap out of her, is that correct?

"A. Yes.

"Q. Did you hit her in the face?

"A. I hit her one time.

"Q. That was because she pulled back on you and started saying, 'Don't,' and 'Stop'?

"A. Yes. She was scratching me.

"Q. Scratching your shirt or you?

"A. No. She was scratching me."

Where, as here, the appellant testifies on direct examination to the same facts proven by the photographs, error in their admission, if any, was harmless. *Hill v. State*, Tex.Cr.App., 504 S.W.2d 484; *McComb v. State*, Tex.Cr.App., 488 S.W.2d 105; *Moulton v. State*, Tex.Cr.App., 486 S.W.2d 334.[1]

■ Appellant contends that the trial court erred in refusing to strike the enhancement allegations from the third indictment returned against him.

Appellant argues that he was indicted as a recidivist on a second reindictment, and that since the prior indictments did not allege a prior conviction, he was as a matter

---

1. We would note that the Supreme Court of Indiana in a similar situation held that photographs of a defendant charged with rape were admissible, as against a similar argument when they portrayed scratch marks on his face. The court stated that since the pictures only portrayed what had been described by the victim, they were admissible. *Leaver v. State*, 250 Ind. 523, 237 N.E.2d 368 (Ind.Sup.1968). In *Dujay v. State*, Tex.Cr.App., 368 S.W.2d 613, we stated in dicta that photos of a defendant's arm that showed needle tracks should have been suppressed as the result of an illegal arrest, where the only other testimony about the defendant's arms was based on observation by police officers after the illegal arrest.

of law the victim of prosecutorial vindictiveness. He argues that under the teachings of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), his conviction should be reversed.

The argument made by the appellant was recently explicitly rejected by the United States Supreme Court in the case of *Bordenkircher v. Hayes*, —— U.S. ——, 98 S.Ct. 663, 54 L.Ed.2d 604 (decided January 18, 1978, after argument was made before this Court by appellant's counsel). No error is shown.

Appellant contends that the trial court erred in allowing the prosecutor to inquire repeatedly into inadmissible statements made by the appellant.

The record reflects that in six of the cited questions, the appellant's objection was sustained by the trial court. The appellant received all of the relief he sought. *Bourg v. State*, Tex.Cr.App., 484 S.W.2d 724; *Haywood v. State*, Tex.Cr.App., 482 S.W.2d 855; *Gleffe v. State*, Tex.Cr.App., 509 S.W.2d 323. There was no request to have the court instruct the jury to disregard the question as improper, nor was there a motion for a mistrial. *Wockenfuss v. State*, Tex.Cr.App., 521 S.W.2d 630.

■ Of the two questions to which objections were overruled, the first only inquires into whether the appellant was under arrest. Further, the objection made by appellant was a general objection and nothing is presented for review.[2] *Williams v. State*, Tex.Cr.App., 549 S.W.2d 183; *Smith v. State*, Tex.Cr.App., 513 S.W.2d 823; *Wilson v. State*, Tex.Cr.App., 541 S.W.2d 174.

■ The second question to which the appellant's objection was overruled was, "In fact when they asked you if you knew J——, you had not been told you were under arrest then?" This question does not inquire into what the appellant's response was to the officer's question. It is undisputed that appellant knew the prosecutrix

J—— and no harmful inference could have resulted from the mere asking of the question. No error is shown.

Appellant contends that the trial court erred in overruling his objection to the court's charge. Appellant argues that it was error for the trial court to use the word "or" instead of the word "and" between the word "intentionally" and the word "knowingly" in the charge.

In *Braxton v. State*, Tex.Cr.App., 528 S.W.2d 844, this Court held that since the definition of rape contained in V.T.C.A. Penal Code, Sec. 21.02, does not plainly dispense with a mental element, by linking V.T.C.A. Penal Code, Sec. 21.02 with V.T.C.A. Penal Code, Sec. 6.02(c), intent, knowledge, or recklessness are the applicable mental states sufficient to establish criminal responsibility for the offense of rape. See and compare, *Zachery v. State*, Tex.Cr.App., 552 S.W.2d 136 (rape indictment which failed to allege any culpable mental state held fundamentally defective).

The indictment charged aggravated rape under V.T.C.A. Penal Code, Sec. 21.03, which invokes the elements of rape under Sec. 21.02. The indictment in the instant case alleges, in part, that the appellant on October 30, 1975, did ". . . unlawfully, intentionally *and* knowingly have sexual intercourse with J——, hereinafter styled complainant, a female not his wife, without the consent of the complainant and the Defendant did intentionally *and* knowingly compel the complainant to submit *and* participate in the said act of sexual intercourse by threat of death and serious bodily injury . . . ." (Emphasis added.)

The complained of portion of the charge reads as follows:

"Now, if you find . . . that the Defendant . . . did intentionally *or* knowingly [commit the offense of aggravated rape] . . . then you will find the Defendant guilty of aggravated rape, as charged in the indictment." [Emphasis added.]

---

2. "Your Honor, he's trying indirectly to achieve what he's not been permitted to do

by the Court directly. We object to this line of questioning."

In a number of cases that have come before this Court since the enactment of the new Penal Code, the question has been presented whether a charge was fundamentally defective where, as here, the indictment alleged that the offense was committed "intentionally *and* knowingly" and the court charged the jury to find the defendant guilty if he acted "intentionally *or* knowingly." In *Mott v. State*, Tex.Cr.App., 543 S.W.2d 623, this Court held such charge not fundamentally defective and stated that since the defendant had not objected nothing was presented for review. A similarly worded charge was held not to require reversal in *McElroy v. State*, Tex.Cr.App., 528 S.W.2d 831. See also *Moreno v. State*, Tex.Cr.App., 541 S.W.2d 170; *Garcia v. State*, Tex.Cr.App., 537 S.W.2d 930.

*Braxton v. State*, supra, held that where the statute did not proscribe a culpable mental state, intent, knowledge, or recklessness suffice to establish criminal responsibility. See V.T.C.A. Penal Code, Sec. 6.02(c).

■ In the instant case, the State pled intent and knowledge as the culpable mental states establishing criminal responsibility. Proof of either mental state is sufficient to establish criminal responsibility for the offense of aggravated rape.

The appellant argues that it is error to plead conjunctively and to charge in the disjunctive. Under Arts. 1183 and 1389, the rape and burglary statutes of the former Penal Code, the indictment could allege the commission of the offense by force, threats and fraud, and proof of any would be sufficient. *Lucero v. State*, Tex.Cr.App., 502 S.W.2d 750. Nor was the State required to elect. 4 Branch's Ann.P.C., 2d Ed., Sec. 1397, p. 256. This reasoning has previously been applied to the question of culpable mental states. See *Mott v. State*, supra (concurring opinion).

■ We hold that the court in the instant case did not err in overruling appellant's objection to the submission in the charge of the culpable mental states in the disjunctive.

■ Appellant contends that the court erred in overruling his objection to the court's charge when the trial court inserted the word "or" instead of the word "and" between the words "submit" and "participate."

V.T.C.A. Penal Code, Sec. 21.02(b)(2), reads in part as follows:

"he compels her to submit *or* participate by any threat, communicated by actions, words or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm; . . ." [Emphasis added.]

The indictment in the instant case, set forth in part above, alleged that the appellant compelled the "complainant to submit *and* participate . . . ." [Emphasis added.]

The trial court charged the jury in the language of the statute, substituting the word "or" for the word "and" found in the indictment. The reasoning set forth under appellant's last contention is equally applicable to this complaint. There was no error to plead in the conjunctive and charge in the disjunctive. No error is shown.

Appellant's sixth ground of error is overruled.

The judgment is affirmed.