**Carl Edward WATKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00088 CR.**

Court of Appeals of Texas, Dallas.

Nov. 5, 1981.

---

Andrew McCullock, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and FISH, JJ.

VANCE, Justice.

This is an appeal from a conviction for aggravated robbery for which the jury set a punishment of seven years imprisonment. The appellant, in his sole ground of error, contends that the Court's charge authorized a conviction on less than what was alleged

in the indictment. We disagree and thus affirm. The indictment alleges, *inter alia*, that the appellant:

> [T]hen and there by using *and* exhibiting a deadly weapon, to wit: a pistol, knowingly *and* intentionally threaten *and* place the said complainant in fear of imminent bodily injury .... (Emphasis supplied)

The court, in defining the law of aggravated robbery, made the following abstract statements of the law in the charge:

> Our law provides that a person commits the offense of aggravated robbery if he commits the offense of robbery as hereinafter defined and he uses or exhibits a deadly weapon.
>
> A person commits the offense of robbery if in the course of committing theft, as hereinafter defined, and with intent to obtain and maintain control over property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

The charge further reveals that, in the "application of the law to the facts" paragraph, the court applied only that portion of the above quoted law as alleged in the indictment. The court authorized a finding of guilty only if the jury found beyond a reasonable doubt that the accused

> [D]id then and there by using *or* exhibiting a deadly weapon, to wit: a pistol, knowingly *or* intentionally threaten *or* place the said complainant in fear of imminent bodily injury, .... (Emphasis supplied)

The charge before us, in the application of the law to the facts, unequivocally restricts the jury's consideration to only those allegations contained in the indictment.

The conjunctive/disjunctive system of pleading and charging has been sanctioned by the Court of Criminal Appeals. *Cowan v. State*, 562 S.W.2d 236 (Tex.Cr.App.1978). Appellant's contention that the court erred by charging the jury by the disjunctive "or," rather than by the conjunctive "and" as alleged in the indictment, is without merit. *Robinson v. State*, 596 S.W.2d 130, 133 (Tex.Cr.App.1980).

Affirmed.