COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-400-CR
 
EZEQUIEL TREJO MORALES                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                                   
STATE
------------
FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
A jury found Appellant Ezequiel
Trejo Morales guilty of two counts of aggravated sexual assault of a child and
assessed his punishment for each count at thirty years' confinement and a
$10,000 fine. The trial court ordered the sentences served consecutively. In a
single point on appeal, Morales contends that the evidence is insufficient. We
will affirm.
Morales was charged with two
identical counts of aggravated sexual assault of a child. The indictment alleged
in each count that Morales "cause[d] the penetration of the female sexual
organ of [the victim] . . . by the defendant's sexual organ." Morales
claims on appeal that the evidence is legally insufficient to show that he
penetrated the victim's sexual organ with his sexual organ.
Morales lived with the ten-year-old
victim and her mother. The victim testified that Morales would come into her
room at night, touch her with his hands and with his penis, require her to touch
his penis, put his penis in her mouth, and ejaculate between her legs. In April
2000, the victim became pregnant. Morales told the victim to say that a boy,
Arthur, had impregnated her.
The victim's mother took her to a
clinic in Dallas for an abortion. The victim was between nine and eleven weeks
pregnant when she had the abortion, and DNA tests following the abortion
revealed to a 99.997% probability that Morales was the father. Through the
clinic, Child Protective Services became involved. Although the victim initially
said that a boy named Arthur impregnated her, she eventually told both the
police and a CPS caseworker that Morales had impregnated her. After the
abortion, Morales continued to go to the victim's room, to lay on top of her,
and to ejaculate between her legs.
Morales contends that no evidence
exists he actually penetrated the victim's female sexual organ with his sexual
organ. In reviewing the legal sufficiency of the evidence to support a
conviction, we view all the evidence in the light most favorable to the verdict.
Cardenas v. State, 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); Narvaiz
v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. denied,
507 U.S. 975 (1993). The critical inquiry is whether, after so viewing the
evidence, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. McDuff v. State, 939 S.W.2d 607,
614 (Tex. Crim. App.), cert. denied, 522 U.S. 844 (1997). This standard
gives full play to the responsibility of the trier of fact to resolve conflicts
in the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts. Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979). The standard for review is the same for direct and
circumstantial evidence cases. Kutzner v. State, 994 S.W.2d 180, 184
(Tex. Crim. App. 1999). The slightest penetration is sufficient to satisfy the
penetration element of Texas Penal Code Section 22.021(a)(1)(B). See Vernon
v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992) (holding evidence
sufficient to show penetration even though victim testified no penetration
occurred); Cowan v. State, 562 S.W.2d 236, 238 (Tex. Crim. App. [Panel
Op.] 1978).
Morales testified that he rubbed
his penis on the victim's vagina in an attempt to have sex with her.(2) 
He admitted his sexual organ contacted the victim's sexual organ. He admitted
that he ejaculated on the victim, and the victim testified he ejaculated between
her legs. Additionally, Morales conceded that the victim became pregnant and
that he was the person who impregnated her. Dr. Ahluwalia testified for the
State that there are two ways to become pregnant: penetration and artificial
insemination. Viewing all of this evidence in the light most favorable to the
verdict, a jury could have reasonably concluded beyond a reasonable doubt that
Morales penetrated the victim's sexual organ with his sexual organ. See
Vernon, 841 S.W.2d at 409.
We overrule Morales's sole point
and affirm the trial court's judgment.
 
                                                       
   SUE WALKER
                                                       
   JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and
WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 8, 2003

1. See Tex. R. App. P. 47.4.
2. The following testimony was elicited from Morales at
trial:

         Q. When [the victim] stated that
 you would rub your penis basically on her vagina in an attempt to have sex,
 did that occur?
         A. Yes.
         Q. Okay. So you're telling us
 then that you did have sexual contact with the girl by touching your penis to
 her vagina, correct?
         A. Yes.