Ezequiel Trego Morales v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-400-CR

EZEQUIEL TREJO MORALES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found Appellant Ezequiel Trejo Morales guilty of two counts of aggravated sexual assault of a child and assessed his punishment for each count at thirty years’ confinement and a $10,000 fine.  The trial court ordered the sentences served consecutively.  In a single point on appeal, Morales contends that the evidence is insufficient.  We will affirm.

Morales was charged with two identical counts of aggravated sexual assault of a child.  The indictment alleged in each count that  Morales “cause[d] the penetration of the female sexual organ of [the victim] . . . by the defendant’s sexual organ.”  Morales claims on appeal that the evidence is legally insufficient to show that he penetrated the victim’s sexual organ with his sexual organ.

Morales lived with the ten-year-old victim and her mother.  The victim testified that Morales would come into her room at night, touch her with his hands and with his penis, require her to touch his penis, put his penis in her mouth, and ejaculate between her legs.  In April 2000, the victim became pregnant.  Morales told the victim to say that a boy, Arthur, had impregnated her.

The victim’s mother took her to a clinic in Dallas for an abortion.  The victim was between nine and eleven weeks pregnant when she had the abortion, and DNA tests following the abortion revealed to a 99.997% probability that Morales was the father.  Through the clinic, Child Protective Services became involved.  Although the victim initially said that a boy named Arthur impregnated her, she eventually told both the police and a CPS caseworker that Morales had impregnated her.  After the abortion, Morales continued to go to the victim’s room, to lay on top of her, and to ejaculate between her legs.

Morales contends that no evidence exists he actually penetrated the victim’s female sexual organ with his sexual organ.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  
The standard for review is the same for direct and circumstantial evidence cases.  
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).
  The slightest penetration is sufficient to satisfy the penetration element of Texas Penal Code Section 22.021(a)(1)(B).  
See Vernon v. State
, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992) (holding evidence sufficient to show penetration even though victim testified no penetration occurred); 
Cowan v. State
, 562 S.W.2d 236, 238 (Tex. Crim. App. [Panel Op.] 1978).

Morales testified that he rubbed his penis on the victim’s vagina in an attempt to have sex with her.
(footnote: 2)  He admitted his sexual organ contacted the victim’s sexual organ.  He admitted that he ejaculated on the victim, and the victim testified he ejaculated between her legs.  Additionally, Morales conceded that the victim became pregnant and that he was the person who impregnated her.  Dr. Ahluwalia testified for the State that there are two ways to become pregnant:  penetration and artificial insemination.  Viewing all of this evidence in the light most favorable to the verdict, a jury could have reasonably concluded beyond a reasonable doubt that Morales penetrated the victim’s sexual organ with his sexual organ.  
See Vernon
, 841 S.W.2d at 409.

We overrule Morales’s sole point and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 8, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The following testimony was elicited from Morales at trial:

Q.  When [the victim] stated that you would rub your penis basically on her vagina in an attempt to have sex, did that occur?

A.  Yes. 

Q.  Okay.  So you’re telling us then that you did have sexual contact with the girl by touching your penis to her vagina, correct?

A.  Yes.