NO.   07-07-0001-CR; 07-07-0002-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 21, 2007
_____

BYRICE SANSOM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16862-0606, B16863-0606; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Byrice Sansom appeals from his convictions by jury of aggravated assault with a deadly weapon and his concurrent sentences of sixty years in the Institutional Division of the Texas Department of Criminal Justice.[1]  We agree with appointed counsel's conclusion the records fails to show any meritorious issue which would support the appeals, and affirm the trial court's judgment in both causes.

_____

[1] The offenses were tried together in the trial court.  Appellate counsel submitted a single *Anders* brief addressing both causes.  Appellant's response also addresses both causes, and we address them together.

Appellant was charged in two single-count indictments of aggravated assault with a deadly weapon. Each indictment also contained an enhancement paragraph setting forth appellant's prior felony conviction for sexual assault of a child. After the jury returned a verdict of guilty as alleged in each indictment, appellant plead true to the enhancement paragraphs. Consistent with the jury's verdict on punishment, the court sentenced appellant to sixty years in each cause to run concurrently. This appeal followed.

The record reflects that the State presented thirteen witnesses and eighteen exhibits to show that appellant threatened Daidron Ray with imminent bodily injury by driving at him with an automobile. The evidence also showed that on the same occasion appellant made use of a folding, lock-blade knife or a large stick, or both weapons,[2] to threaten Willie Ray with imminent bodily injury.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the cases, there is no reversible error or legitimate grounds on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the procedural history of these two causes and the events at trial. Counsel also notes that a

---

[2] The indictment alleged appellant used or exhibited a knife and a stick. The court's charge instructed the jury that it could find appellant guilty if it determined beyond a reasonable doubt he used or exhibited a knife or a stick as a deadly weapon. *See Kitchens v. State,* 823 S.W.2d 256, 258 (Tex.Crim.App. 1991); *Cowan v. State,* 562 S.W.2d 236, 240 (Tex.Crim.App. 1981); *Watkins v. State,* 623 S.W.2d 954, 955 (Tex.App.–Dallas 1981, no pet.) (disjunctive charge of deadly weapon permitted despite conjunctive language in indictment).

potential issue on which error may lie is in the sufficiency of evidence supporting the jury's verdict of guilt. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd).

By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant filed a response raising legal and factual sufficiency of the evidence to support his conviction as well as an allegation that the trial court erred by not instructing the jury on the lesser-included offense of simple assault. The State has not filed a brief.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines either appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

As noted, appellate counsel points to one ground on which a meritorious argument may lie on appeal. Specifically, counsel notes potential legal and factual insufficiency of the evidence to support appellant's conviction in each cause. Appellant notes the same in his

response.[3] After a complete review of the record, however, we agree with appellate counsel that the grounds identified do not arguably support an appeal.

Appellant's response points to conflicts in the testimony presented by various witnesses. It is the province of the jury to resolve or reconcile conflicts in testimony, and the jury is privileged to believe all, some or none of the testimony of any particular witness. *Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex.Crim.App. 2000); *Washington v. State,* 215 S.W.3d 551, 553 (Tex.App.–Texarkana 2007, no pet.).

Our review convinces us that appellate counsel conducted a complete review of the record for each cause. We have also made independent examinations of the entire record for each cause to determine whether there are any arguable grounds which might support the appeals from appellant's convictions and sentences. We agree the records present no meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgments of the trial court.

James T. Campbell
                                        Justice

Do not publish.

---

[3] As noted, appellant's fifth point of error states that the trial court erred in denying his request for an instruction with regard to the lesser-included offense of simple assault. However, appellant does not address this issue in his response, and our review of the record presents no arguably meritorious issue on this point.

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.