In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-063 CR


____________________



PATRICK LAMONT TAYLOR, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court 


Montgomery County, Texas


Trial Cause No. 06-02-01958-CR






MEMORANDUM OPINION


 A jury convicted appellant Patrick Lamont Taylor of aggravated assault with a deadly
weapon. The trial court found the State's enhancement allegation true and assessed
punishment at fifteen years of confinement. Taylor then filed this appeal, in which his sole
contention is that the evidence was factually insufficient to support his conviction. We
affirm.

The Evidence


 Eddie Parker, Jr. and the complainant, C.E., arranged to meet at Parker's home at a
trailer park. When C.E. arrived at Parker's home, they stayed outside, drinking beer and
talking. At some point, a car approached and then circled back around. When the car
approached the second time, the driver's window lowered, and someone in the car asked
whether Parker was there. Parker responded and asked who was there, and the person said,
"'Come see.'" Neither Parker nor C.E. approached the car; instead the three individuals got
out of the vehicle and approached Parker and C.E.. Parker testified that he knew two of the
individuals, and he identified one of them as Shawn Wilson and another as Taylor. When
Wilson and his companions walked onto Parker's driveway, Wilson saw Parker "[s]itting and
talking and drinking with one of his friends." Both Wilson and the driver of the vehicle
asked Parker if he "had some weed." Parker explained that he and Wilson had previously
shared marijuana. Parker told them that he did not have any marijuana. Parker testified that
he sometimes smokes marijuana and offers it to other people.

 At some point, tension developed between C.E. and the three men from the vehicle. 
The three individuals stared intently at C.E. C.E. asked if there was a problem, and said,
"We're just sitting here drinking beer." C.E. and one of the individuals began to exchange
words, and Parker testified that it seemed like "there was going to be some kind of
confrontation later on." The individuals and C.E. continued exchanging words, including
profanities, and Parker described the atmosphere as "real, real tense." Taylor eventually
approached, knocked over the beers, and used profanity. C.E. removed his jacket, and Taylor
said, "I'm not scared." Parker testified that "out of nowhere[,]" Taylor pulled a gun, cocked
it, and held the gun up to C.E.'s chest. Wilson also saw Taylor pointing a gun at C.E.'s chest. 
Parker explained that C.E. and Taylor continued to exchange words, and C.E. told Taylor to
put the gun down so they could settle the dispute. Parker testified that Taylor said, "Oh, you
think I'm scared to use it?" and continued to yell at C.E. Taylor eventually pulled the trigger,
and C.E. yelled and began to run away. C.E. testified that the bullet struck him in his upper
left chest, exited his armpit, went through his bicep, and exited his tricep. 

 Detective Thomas G. Duroy testified that when Taylor was arrested, Taylor "said he
knew why I was there and the guy had jumped him." Detective Duroy also testified that after
Taylor received his Miranda warnings, he agreed to give a verbal statement, which was
videotaped. According to Detective Duroy, during the statement, Taylor said that he felt
threatened because of C.E.'s size and the words that he and C.E. exchanged. 

 Taylor testified that on the day of the offense, he met his friend Shawn Wilson, and
the two went to Wilson's grandmother's residence to retrieve a gun Taylor had loaned to
Wilson. Taylor testified that he wanted the gun for protection because he felt unsafe in his
neighborhood. According to Taylor, as he and Wilson were leaving the neighborhood,
Parker flagged them down, and they began talking. Taylor noticed tension developing
between C.E. and one of the other individuals. According to Taylor, C.E. seemed as though
he "already had issues about something already from the tone of his voice and just his
actions, period." Taylor also testified that C.E. became angry, used profanity and a racial
epithet, and threatened to "smash" Taylor and his companions. Taylor testified that he
believed C.E. might have had a weapon. According to Taylor, C.E. continued to approach
as Taylor cocked the gun, and C.E. verbally threatened him. Taylor testified that he then shot
C.E. Taylor also testified that after he shot C.E. in the chest, C.E. apologized for threatening
him. Taylor further testified that he feels "really bad" about what happened, but he explained
that the "only thing I can do . . . right now is try my case in self defense." 

 Taylor admitted that he has previously pled guilty to theft, and that he also received
probation for third-degree possession of a controlled substance. Taylor also explained that
his probation was eventually revoked, and he went to the penitentiary. Taylor also testified
that in his videotaped statement, he lied to the police when he told them he had thrown away
the gun. 

Taylor's Issue


 In his sole issue, Taylor argues the evidence was factually insufficient to support his
conviction. Specifically, Taylor contends that the State failed to prove the requisite mental
state, i.e. that he acted intentionally, knowingly, or recklessly. See Tex. Pen. Code Ann. §§
22.01(a)(1), 22.02(a)(2) (Vernon Supp. 2007). When conducting a factual sufficiency
review, we consider all of the evidence in a neutral light to determine whether the evidence
supporting the verdict is too weak to support the finding of guilt beyond a reasonable doubt,
or if the evidence of guilt, although adequate if considered alone, is so greatly outweighed
by contrary proof that the jury's verdict is not rationally justified. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson v. State, 204 S.W.3d 404, 417 (Tex.
Crim. App. 2006). It is the sole province of the jury to assess the credibility of the
witnesses and the weight to be given their testimony. Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979); Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 

 The indictment stated that Taylor "did then and there intentionally, knowingly, and
recklessly cause bodily injury to [C.E.], by shooting [C.E.] with a firearm, and the Defendant
did then and there use or exhibit a deadly weapon, to wit: a pistol, during the commission of
said assault." The trial court charged the jury as follows: "A person commits the offense of
Aggravated Assault with a Deadly Weapon if the person intentionally, knowingly, or
recklessly causes bodily injury to another and the person uses or exhibits a deadly weapon
during the commission of the assault." At the request of defense counsel, the trial court
included an instruction regarding self-defense. 

 To be entitled to an instruction on self-defense, an appellant "'must admit he
committed the offense and then offer necessity as a justification.'" Ex parte Nailor, 149
S.W.3d 125, 133 (Tex. Crim. App. 2004)(quoting Young v. State, 991 S.W.2d 835, 839 (Tex.
Crim. App. 1999)). As previously discussed, Taylor testified that he intentionally shot C.E.
while acting in self-defense. Therefore, the evidence was factually sufficient to establish
Taylor's mental state, i.e., that he acted intentionally. Although the indictment conjunctively
alleged that Taylor "intentionally, knowingly, and recklessly" injured C.E. by shooting him
with a firearm, the jury was disjunctively instructed that Taylor committed the offense if he
acted "intentionally, knowingly, or recklessly." An indictment may charge mental states
conjunctively, yet the court's charge may instruct the jury that the defendant is guilty if he
acted with any one of the mental states charged in the indictment. See Zanghetti v. State, 618
S.W.2d 383, 387-88 (Tex. Crim. App. 1981); Cowan v. State, 562 S.W.2d 236, 240 (Tex.
Crim. App. 1978). Accordingly, the State was not required to prove that Taylor acted with
each of the three alleged mental states (i.e. intentionally, knowingly, and recklessly). See
Zanghetti, 618 S.W.2d at 387-88; Cowan, 562 S.W.2d at 240.

 A neutral review of the entire record does not demonstrate the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, nor does it
demonstrate that the proof of guilt is greatly outweighed by contrary proof. See Johnson, 23
S.W.3d at 11. The evidence is factually sufficient to support the verdict. We overrule
appellant's sole issue and affirm the trial court's judgment.

 AFFIRMED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted on February 28, 2008

Opinion Delivered May 14, 2008

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.