# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00296-CR

**Genaro Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. D-1-DC-08300474, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Genaro Hernandez of the offense of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2009). Punishment was assessed at life imprisonment. In two points of error, Hernandez asserts that the evidence is legally and factually insufficient to prove the element of penetration. We will affirm the judgment.

## BACKGROUND

The jury heard evidence that A.F., a fourteen-year-old girl at the time of trial, was sexually assaulted by Hernandez when A.F. was either three or four years old. A.F. testified that, at the time of the assault, she lived in an apartment complex with her cousin. A man lived nearby whom A.F. knew as "the Generator" and "the Candyman." A.F. identified this man in court as Hernandez. According to A.F., Hernandez sold the neighborhood children candy from his house.

On the day in question, A.F. recalled, she went to Hernandez's house to buy candy. A.F. testified that when she arrived, Hernandez carried her upstairs to a room, threw her on a bed, ripped off her shorts, took off his pants, and tried to put his sexual organ in her sexual organ. A.F. did not see Hernandez's sexual organ, but she remembered that she "felt it" and that it "hurt[] so bad." A.F. also remembered Hernandez telling her to "shut up." On cross-examination, A.F. was asked if what she had felt during the incident was "pushing up against the outside of your body or was it inside your body." A.F. answered, "It was trying to push in." When asked whether it went "into your body," A.F. testified, "A little, I think. I don't really remember." She elaborated, "It was like pushing on the outside, like trying to go in. . . . Yeah, like that, but then it went in a little bit more, and then he stopped after that and then I got up." A.F. recalled that her sexual organ hurt after the incident and that when she would use the bathroom, "it would burn." A.F. also remembered seeing blood in her underwear after the incident.

Several years later, A.F. went to a clinic to be tested for sexually transmitted diseases. At the clinic, when A.F. was asked about her sexual history, she reported having sex for the first time when she was five years old and described the incident with Hernandez. The person who interviewed A.F. reported A.F.'s outcry to the authorities and a criminal investigation began.

A.F. was evaluated and examined by Dr. Beth Nauert, a pediatrician with experience diagnosing sexual abuse in children. Nauert testified that A.F. had a "normal physical examination," meaning that she did not find "at that time any injuries, any scarring, or any abnormalities." Nauert attributed this finding to the fact that A.F. was "a very large child. . . . She was 5'5" and almost 200 pounds." According to Nauert, in larger girls, there is a greater distance separating the outside

2

of the sexual organ from the inside of the sexual organ, making it more difficult to observe signs of injury. Nauert also explained other reasons why the examination may have been normal:

> So one of the reasons that an examination can be normal is that we don't know how far any penetration occurred. Another reason could be the period of time that has passed since the last penetration. Another reason is that even if you have injuries, if you have a hymen that's broken or you have some skin that is torn or you have bleeding, all of that can disappear over a period of time. So the closer to the actual event that an examination is performed, the more likely there is to be something to see other than normal.

Nauert was also asked what she considers to be penetration of the female sexual organ. She testified,

> Penetration is when something enters something else. So as soon as I go past the first edge of the labia majora, I have penetrated the female sexual organ. I can go farther down to the labia minora and farther than that down to the vagina, but all of it is the female sexual organ.

The defense called two witnesses. Dr. Aaron Pierce, a licensed professional counselor and licensed sex offender treatment provider, testified that not all allegations of sexual abuse are true. Pierce also testified that victims can misidentify their assailants after a substantial amount of time has passed. Maria de la Luz Muniz-Hernandez, Hernandez's wife, testified that, at around the time of the incident, when she had laundered the sheets on the mattress that was allegedly used during the assault, she had not noticed any strange stains or bloodstains on the sheets or on the mattress. During cross-examination, a recording of a phone call between Hernandez and his wife while Hernandez was in jail awaiting trial was played for the jury. In the call, a portion of which is transcribed in the record, Hernandez and his wife are heard discussing what she should say in court.

3

The jury found Hernandez guilty as charged, and, following a punishment hearing, he was sentenced to life imprisonment. This appeal followed.

**STANDARD OF REVIEW**

In a legal sufficiency review, we consider whether, after viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "This standard accounts for the factfinder's duty 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Clayton*, 235 S.W.3d at 778 (quoting *Jackson*, 443 U.S. at 319). It is not necessary that every fact point directly and independently to the defendant's guilt, but it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

In a factual sufficiency review, we consider whether, after viewing the evidence in a neutral light, a rational trier of fact was justified in finding guilt beyond a reasonable doubt. *See Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). A finding of guilt should be set aside only if the evidence supporting the finding is so weak as to render the finding clearly wrong or manifestly unjust. *See id*. at 415; *Korell v. State*, 253 S.W.3d 405, 412 (Tex. App.—Austin 2008, pet. ref'd). Therefore, we will not reverse a judgment on a factual sufficiency challenge unless we can say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the finding of guilt. *Watson*, 204 S.W.3d at 417.

## ANALYSIS

A person commits the offense of aggravated sexual assault of a child if he sexually assaults a child younger than 14 years of age. Tex. Penal Code Ann. § 22.021(a)(1), (2)(B). In this case, Hernandez was convicted of intentionally or knowingly causing the penetration of A.F.'s sexual organ. *See id*. § 22.021(a)(1)(B)(i). On appeal, Hernandez asserts that the evidence is legally and factually insufficient to prove penetration. Instead, he claims, the evidence tends to show only that he contacted A.F.'s sexual organ. We disagree.

This element of the offense is satisfied by proof of any penetration, no matter how slight. *Cowan v. State*, 562 S.W.2d 236, 238 (Tex. Crim. App. 1978); *Murphy v. State*, 4 S.W.3d 926, 929 (Tex. App.—Waco 1999, pet. ref'd). Penetration may be proved by circumstantial evidence. *Villalon v. State*, 791 S.W.2d 130, 133-34 (Tex. Crim. App. 1990); *Nilsson v. State*, 477 S.W.2d 592, 595 (Tex. Crim. App. 1972). Contact with the female sexual organ in a manner a reasonable person would consider more intrusive than contact with the outer vaginal lips constitutes penetration. *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). Penetration of the vaginal canal is not required. *See id*.

In this case, A.F. testified that she felt Hernandez's sexual organ "trying to push" inside her sexual organ and that Hernandez's sexual organ "went in a little bit more." A.F. further testified that this "hurt[] so bad," caused a burning sensation in her sexual organ, and that she noticed blood in her underwear after the incident. Based on A.F.'s testimony, a reasonable jury could infer that Hernandez had contacted A.F.'s sexual organ in a manner that was more intrusive than contact with the outer vaginal lips. Viewing this evidence in the light most favorable to the verdict,

5

we conclude that the evidence is legally sufficient to prove the element of penetration. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (holding that victim's testimony, standing alone, is sufficient evidence of penetration); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd) ("The testimony of the child victim alone is sufficient to support a conviction for sexual assault.").

When considering the evidence in a neutral light, we reach the same conclusion regarding the factual sufficiency of the evidence. We cannot say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict or that the verdict is clearly wrong or manifestly unjust. Hernandez places emphasis on Dr. Nauert's testimony that her physical exam of A.F. was "normal" and A.F.'s inability to recall the assault in greater detail. However, Nauert provided several reasons why a normal exam did not necessarily mean that penetration had not occurred in this case, including A.F.'s weight and the significant amount of time that had passed since the incident had occurred. It would not have been clearly wrong or manifestly unjust for the jury to credit Nauert's explanations for the normal exam. As for the fact that A.F. was unable to remember the assault in greater detail, it would not have been against the great weight and preponderance of the evidence for the jury to infer that the assault had traumatized A.F. and that a lack of clarity and detail in describing the incident was to be expected in a case in which the alleged assault had occurred many years earlier when A.F. was three or four years old.

We overrule Hernandez's first and second points of error.

**CONCLUSION**

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   July 1, 2010

Do Not Publish